UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO SOLIS and<br>ANDRES TAVERAS,<br>individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   – against –<br><br>53RD STREET PARTNERS LLC doing business as REMI RESTAURANT,<br>ROBERTO DELLEDONNE, and<br>STEFANO FRITTELLA,<br><br>          Defendants. | 19 CV 11708<br><br><br><br>COMPLAINT |

Plaintiffs Pablo Solis and Andres Taveras by their attorneys, Cary Kane LLP, complain of Defendant as follows:

**NATURE OF THIS ACTION**

1. Plaintiffs bring this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law, §§ 190 *et seq.*, §§ 650 *et seq*. ("NY Wage Law"), and the New York Worker Adjustment and Retraining Notification Act, N.Y. Labor Law §§ 860 *et seq*. ("NY WARN Act"). Plaintiffs seek declaratory and injunctive relief; their unpaid wages; penalties for notice and record-keeping violations; statutory liquidated damages; pre-judgment interest under the FLSA and NY Wage Law; all back pay, benefits or the value thereof, and penalties available to them under the NY WARN Act; their reasonable attorney fees and costs under these statutes; and all other appropriate legal and equitable relief.

1

## JURISDICTION AND VENUE

2. The Court has federal subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's NY Wage Law and NY WARN Act claims pursuant to 42 U.S.C. § 1367(a), NY Wage Law §§ 198, 663, and NY WARN Act § 860-g(7) because those claims form part of the same case and controversy with Plaintiff's federal claims.

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant 53rd Street Partners LLC is a New York domestic business corporation that maintains its principal offices in New York County and all Defendants reside in New York State, and § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in New York County.

## PARTIES

5. Plaintiff Pablo Solis ("Solis") is an individual who resides in the County of Queens, State of New York. At all times relevant to this action, Solis was a non-exempt employee of Defendants.

6. Plaintiff Andres Taveras ("Taveras") is an individual who resides in the County of Queens, State of New York. At all times relevant to this action, Taveras was a non-exempt employee of Defendants.

7. Defendant 53rd Street Partners LLC ("Remi Restaurant") is a domestic limited liability company organized under the laws of New York; it operates and does business as Remi Restaurant. Remi Restaurant maintains its principal office at 145 West 53rd Street, New York, New York 10019. At all relevant times, Remi Restaurant was

Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d) and NY Wage Law §§ 190, 651.

8. Defendant Roberto Delledonne ("Delledonne") is an individual who resides in Westchester County, New York State. He is an owner and officer of 53rd Street Partners LLC and a manager of Remi Restaurant who works in the restaurant on a daily basis.

9. Defendant Stefano Frittella ("Frittella") is an individual who, upon information and belief resides in New York County, New York and in Miami-Dade County, Florida. He is an owner and officer of 53rd Street Partners LLC and a manager of Remi Restaurant who visits the restaurant on a periodic basis.

## FACTUAL ALLEGATIONS

10. Plaintiff Solis was employed by Remi Restaurant as a server from approximately 1999 to on or about December 12, 2019. He served lunch and dinner and typically worked more than 40 hours each week. His most recent regular pay rate was $10 per hour.

11. Plaintiff Taveras was employed by Remi Restaurant as a server from approximately 2004 to on or about December 12, 2019. He served lunch and dinner and typically worked more than 40 hours each week. His most recent regular pay rate was $10 per hour.

12. Remi Restaurant is a luxury restaurant located across the street from the Museum of Modern Art. Remi Restaurant serves meals to diners and caters special events on a frequent basis. Its corporate clients for special events include Carnegie Hall, UBS, Morgan Stanley, LexisNexis, Nissan, and Sidley Austin.

13. Upon information and belief, Remi Restaurant has regularly had annual revenue exceeding 6 million U.S. dollars.

14. Upon information and belief, Defendants' operation of Remi Restaurant made them wealthy over the past decade or decades.

15. Upon information and belief, Defendants anticipated the eventual closure of Remi Restaurant, and therefore transferred assets such as private homes.

16. ACRIS records show that in April 2019 Frittella transferred his Manhattan apartment to himself and another individual, Alexandra Carcelli, who shares the same Florida residential address with Frittella. Upon information and belief, Carcelli and Frittella are married or otherwise partnered. Online records of the Miami Country Day School list Carcelli and Frittella as joint donors of between $25,000 and $99,999 in 2018.

17. According to a Verified Complaint filed against Delledonne and Frittella in New York County Supreme Court on September 30, 2019 (Index No. 655678-2019), Remi Restaurant stopped paying rent in July 2019; Delledonne and Frittella were responsible for the rent under personal guaranties they executed in 2005.

18. Upon information and belief, Defendants knew that they were going to close Remi Restaurant's operations no later than April 2019.

19. Upon information and belief, Defendants regularly or occasionally failed to pay minimum wage and overtime wages required by FLSA and/or NY Wage Law in the past 6 years.

20. Defendants stopped making regular payments of wages to their employees in or about the summer of 2019. They made delayed payments to employees at various

points. They made payments to employees on checks which bounced. They gave the employees various excuses for failing to pay them their wages due and earned.

21. As of December 11, 2019, Defendants were approximately five weeks in arrears in paying wages to all or nearly all of their employees. Upon information and belief, all or nearly all of these wages remain unpaid.

22. On or about December 11, 2019, Delledonne telephoned Defendants' events planner and asked her to cancel all scheduled upcoming events.

23. On or about December 12, 2019, Plaintiffs and other employees came to work and were met by Delledonne and told that the restaurant was closing.

24. Defendants' employees observed sheriff's notices of eviction at the restaurant. Upon information and belief, Defendants were evicted from the restaurant on or about December 12, 2019.

25. Upon information and belief, Defendants can have no possible defense to their failure to pay wages on a timely basis and their failure to pay wages at all during 2019.

26. Defendants were previously sued for violations of the FLSA and NY Wage Law in this Court ten years ago. *See* Sotarriba et al. v. 53rd Street Partners LLC, 19 CV 5425 (RPP).

27. Upon information and belief, Defendants can have no possible defense to their failure to observe the requirements of NY WARN Act, that is, to provide advance notice of 90 days to their employees of the restaurant's anticipated closure.

28. Upon information and belief, on the required notice date of September 12, 2019, Defendants had over 50 employees who worked more than 20 hours each week and

had done so for many years.  These employees included servers, bussers, kitchen staff, hosts, an events planner, and others.  All of these employees constitute a class whose wages were not paid by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

29. Upon information and belief, Defendants employ over 50 restaurant workers.

30. Upon information and belief, Defendants have failed to compensate its restaurant workers with minimum wage, or any wage at all, as required by the FLSA for approximately five weeks or more during 2019.

31. Upon information and belief, on occasion during the past three years, Defendants also failed to compensate its restaurant workers with minimum wage and/or overtime pay required by the FLSA when they worked over 40 hours in a week.

32. Upon information and belief, Defendants have known of and/or showed reckless disregard for whether these practices violate the FLSA.

33. Other restaurant workers employed by Defendants in the past three years should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide these employees with the opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

## CLASS ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges the allegations made hereinbefore

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs bring this action individually and on behalf of the following classes of persons

4828-3370-8463, v. 1

("the Class"):

    (i)    <u>NY Wage Violations Class</u>. All employees who have been employed by Remi Restaurant during the period December 20, 2013 through the end of this litigation.

    (ii)    <u>NY WARN Act Violation Class</u>. All employees who were employed by Remi Restaurant as restaurant workers on or about September 12, 2019, who were required to and failed to receive notice of the anticipated closing of the restaurant.

36.    The individuals in these Classes are so numerous that joinder of all members of the class is impracticable. Upon information and belief, during the past six years and on or about September 12, 2019, between 50 and 75 individuals worked as servers, bussers, kitchen staff, hosts, and administrative staff for Remi Restaurant.

37.    Questions of law and fact common to the Classes include, but are not limited to, the following:

    a.    Whether Plaintiffs and all similarly situated individuals have failed to receive minimum wage and pay at the overtime rate of one and one half times their regular hourly pay rate for each hour worked in excess of forty hours per week as required by the NY Wage Law.

    b.    Whether Defendants have maintained accurate records of these employees' work hours and pay.

    c.    Whether Defendants provided these employees with the wage notices required by the NY Wage Law.

    d.    Whether Defendants provided these employees with the wage statements required by the NY Wage Law.

    e.    Whether Defendants provided these employees with the advance

     notice of closure required by the NY WARN Act.

  f.  Whether Defendants actions and omissions at issue constitute willful violations of the law.  And

  g.  Whether members of the Classes have sustained damages and, if so, the proper measure of damages.

  38.  Plaintiffs' claims are typical of the claims of the Classes in that they have incurred damage due to the pay practices set forth in the factual allegations above.

  39.  Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs' interests are aligned with those of the Classes, and they have no conflicts of interest with the members of the Classes.  In addition, Plaintiffs are represented by qualified counsel experienced in wage and hour and class action litigation.

  40.  By engaging in the policies and practices set forth in the factual allegations above, Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making it appropriate for the Court to award final injunctive, declaratory, and monetary relief with respect to the Classes as a whole.

  41.  Questions of law or fact common to members of the Classes, including but not limited to the common questions of law or fact enumerated above, predominate over any questions affecting Plaintiffs alone, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  42.  For these reasons, each of the two Classes enumerated above should be certified under FRCP 23(b).

**AS AND FOR A FIRST CLAIM**
**(Failure to Pay Minimum Wage – FLSA)**

  43.  Plaintiffs repeat and re-allege the allegations made hereinbefore.

4828-3370-8463, v. 1

44. Defendants failed to pay Plaintiffs at the statutorily required minimum wage, in violation of the FLSA.

45. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

46. Plaintiffs have suffered, are now suffering, and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

### AS AND FOR A SECOND CLAIM
### (Failure to Pay Overtime Wage – FLSA)

47. Plaintiffs repeat and re-allege the allegations made hereinbefore.

48. Upon information and belief, Defendants failed to pay Plaintiffs at the statutorily required overtime rate of time and one half their regular rate of pay for the hours they worked over 40 hours in a week, in violation of 29 U.S.C. § 207.

49. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

50. Plaintiffs have suffered, are now suffering, and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

### AS AND FOR A THIRD CLAIM
### (Failure to Pay Minimum Wage – NY Wage Law)

51. Plaintiffs repeat and re-allege the allegations made hereinbefore.

52. Defendants failed to pay Plaintiffs at the statutorily required minimum wage, in violation of the NY Wage Law.

53. Upon information and belief, Defendants had no good-faith basis to believe that their actions were in compliance with the law within the meaning of meaning of the NY Wage Law.

54. Plaintiffs have suffered, are now suffering, and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**AS AND FOR A FOURTH CLAIM**
**(Failure to Pay Overtime Wage – NY Wage Law)**

55. Plaintiffs repeat and re-allege the allegations made hereinbefore.

56. At all relevant times, Defendants failed to pay Plaintiffs at the statutorily required overtime rate of time and one half their regular rate of pay for the hours they worked over 40 hours in a week, in violation of NY Wage Law § 652 and 12 NYCRR § 142-2.2.

57. Upon information and belief, Defendants had no good-faith basis to believe that their actions were in compliance with the law within the meaning of NY Wage Law §§ 198 and 663.

58. Plaintiffs have suffered, are now suffering, and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**AS AND FOR A FIFTH CLAIM**
**(Failure To Provide Wage Notices – NY Wage Law)**

59. Plaintiffs repeat and re-allege the allegations made hereinbefore.

60. Upon information and belief, Defendants frequently or regularly failed to provide Plaintiffs with a wage notice as required by NY Wage Law §§ 195(1)(a) and (2),

and the information required in the wage notices was not set forth on their wage statements.

61. Under NY Wage Law § 198(1-b), Plaintiffs are entitled to recover from Defendants a penalty in the amount of $50 for each week that the violation occurred, not to exceed $5,000, together with costs and reasonable attorney fees.

62. NY Wage Law § 198(2) provides that this remedy may be enforced simultaneously or consecutively with other remedies under Article 6 of the NY Wage Law.

### AS AND FOR A SIXTH CLAIM
**(Failure To Provide Wage Statements – NY Wage Law)**

63. Plaintiffs repeat and re-allege the allegations made hereinbefore.

64. Upon information and belief, Defendants never issued wage statements to Plaintiffs that were in compliance with NY Wage Law § 195(3).

65. Under NY Wage Law § 198(1-d), Plaintiffs are entitled to recover from Defendants a penalty in the amount of $250 for each work day that the violation occurred, not to exceed $5,000, together with costs and reasonable attorney fees.

66. NY Wage Law § 198(2) provides that this remedy may be enforced simultaneously or consecutively with other remedies under Article 6 of the NY Wage Law.

### AS AND FOR A SEVENTH CLAIM
**(Failure To Provide Notice of Closure – NY WARN Act)**

67. Plaintiffs repeat and re-allege the allegations made hereinbefore.

68. Upon information and belief, Defendants never issued advance notice of the anticipated closure of Remi Restaurant as required by the NY WARN Act. Plaintiffs were terminated without notice on or about December 12, 2019.

69. Plaintiffs have suffered, are now suffering, and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

## JURY DEMAND

70. On behalf of themselves and other employees similarly situated, Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREAS** no previous application for relief has been made for the relief requested herein, Plaintiffs respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA, NY Wage Law, and NY WARN Act;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a), NY Wage Law §§ 198, 663, and NY WARN Act;

(c) awarding Plaintiffs all unpaid minimum wages and overtime wages due as a consequence of Defendants' violations of the FLSA and NY Wage Law;

(d) awarding Plaintiffs all allowable penalties for Defendants' failure to provide required wage notices in violation of the NY Wage Law;

(e) awarding Plaintiffs all allowable penalties for Defendants' failure to provide required wage statements in violation of the NY Wage Law;

4828-3370-8463, v. 1

   (f) awarding Plaintiffs all allowable back pay, benefits, and penalties for Defendants' failure to provide advance notice of closure in violation of the NY WARN Act;

   (g) awarding Plaintiffs all allowable liquidated damages as provided for in 29 U.S.C. § 216(b);

   (h) awarding Plaintiffs all allowable liquidated damages as provided for in NY Wage Law §§ 198, 663;

   (i) awarding Plaintiffs all allowable pre-judgment interest as provided for by NY Wage Law §§ 198, 663;

   (j) awarding Plaintiffs the costs of this action together with their reasonable attorney fees;

   (k) awarding Plaintiffs all allowable post-judgment interest as provided for by 28 U.S.C. § 1961(a); and

   (l) granting such other and further relief to Plaintiffs as this Court deems appropriate.

Dated: December 20, 2019
    New York, New York

            CARY KANE LLP

            By: _____
              Anthony P. Consiglio
            1350 Broadway, Suite 1400
            New York, NY 10018
            (212) 868-6300
            aconsiglio@carykane.com
            *Attorneys for Plaintiffs Pablo Solis and Andres Taveras*

4828-3370-8463, v. 1