UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO SOLIS et al.

                      Plaintiffs,

  -v-

53rd STREET PARTNERS LLC d/b/a REMI RESTAURANT, ROBERTO DELLEDONNE, and STEFANO FRITTELLA,

                      Defendants.

CIVIL ACTION NO.: 19 Civ. 11708 (PGG) (SLC)

**ORDER REGARDING DAMAGES INQUEST**

**SARAH L. CAVE,** United States Magistrate Judge.

This matter having been referred to the undersigned to conduct an inquest and provide a report and recommendation regarding Plaintiffs' damages and attorneys' fees, it is hereby **ORDERED** that:

1. Plaintiffs shall submit proposed findings of fact and conclusions of law concerning damages and attorneys' fees by **September 7, 2020**. Plaintiffs must support all factual assertions by affidavit and/or other evidentiary material. In addition, Plaintiffs must complete the damages and attorneys' fees and costs summary charts appended to this Order for each named Plaintiff, attorney, and attorney's employee for whom Plaintiffs request an award. Chambers will also transmit Word versions of these charts to the parties via email.

2. Defendants shall submit their response to Plaintiffs' submissions, if any, by **September 21, 2020**. IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFFS'

SUBMISSIONS, OR (2) FAIL TO CONTACT THE COURT BY SEPTEMBER 21, 2020 AND REQUEST AN IN-COURT HEARING, THE COURT WILL ISSUE A REPORT AND RECOMMENDATION REGARDING DAMAGES AND ATTORNEYS' FEES BASED ON PLAINTIFFS' WRITTEN SUBMISSIONS ALONE, WITHOUT AN IN-COURT HEARING. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.'") (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiffs are directed to serve a copy of this Order on Defendants by mail and file proof of service on the docket by **August 14, 2020**.

Dated:    New York, New York
         August 7, 2020

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

| UNITED STATES DISTRICT COURT |  |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK |  |
| PABLO SOLIS et al. |  |
|                     Plaintiffs, |  |
|   -v- | CIVIL ACTION NO.: 19 Civ. 11708 (PGG) (SLC) |
| 53rd STREET PARTNERS LLC d/b/a REMI RESTAURANT, ROBERTO DELLEDONNE, and STEFANO FRITTELLA, |  |
|                     Defendants. |  |

| Requested Attorneys' Fees | | | |
|---|---|---|---|
| **Timekeeper** | **Requested Rate** | **Requested Hours** | **Requested Total** |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  | **TOTAL**: |  |

| Requested Costs | | |
|---|---|---|
| **Type of Expense** | **Evidence (with ECF cite)** | **Amount Requested** |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | **TOTAL**: |  |

| Damages Chart for [name of Plaintiff][1] | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Year(s) of employment[2] | Applicable Min. Wage Rate[3] | Weekly Hrs. Worked | Actual Rate paid[4] | Alleged unpaid Min. Wages / wk | Alleged unpaid Overtime / wk | Alleged Owed / wk | No. Weeks Worked | Statutory damages | Total alleged owed / yr |
| [Year] | | | | | | | | | |
| [Year] | | | | | | | | | |
| [Year] | | | | | | | | | |
| TOTAL: | | | | | | | | | |
| | | | | | | | | Total Requested Damages: | |

| Total Requested Damages | | | | | | |
|---|---|---|---|---|---|---|
| Plaintiff[5] | Minimum Wage | Overtime | Liquidated Damages | Prejudgment Interest | Statutory Damages | Total |
| [name] | | | | | | |
| [name] | | | | | | |

---

[1] Please add explanatory footnotes as applicable and as needed to explain entries or to point the Court to supporting materials for a particular entry.
[2] Add rows as necessary to cover the plaintiff's time of employment.
[3] Include citation to applicable statute or regulation setting forth the applicable minimum wage for time period.
[4] Clearly indicate whether this rate was paid per hour work or per week.
[5] Add rows as necessary to cover each plaintiff.