UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO SOLIS, <u>et</u> <u>al.</u>

                    Plaintiffs,

        -v-
                                            CIVIL ACTION NO.: 19 Civ. 11708 (PGG) (SLC)

                                            <u>**ORDER REGARDING DAMAGES INQUEST**</u>
53rd STREET PARTNERS LLC d/b/a REMI RESTAURANT,
ROBERTO DELLEDONNE, and STEFANO FRITTELLA,

                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

This matter has been referred to the undersigned to conduct an inquest and provide a report and recommendation regarding Plaintiffs' damages and attorneys' fees.  (ECF No. 81).

In support of their request for damages, Plaintiffs' counsel submitted declarations that describe the steps they took to calculate damages for the 44 named Plaintiffs, including personal interviews, phone calls, emails and questionnaires.  (ECF No. 86-1 ¶¶ 12–14).  Counsel states that she calculated damages based on the information provided by Plaintiffs, but provides no documents supporting the damages calculations.  Rather, Counsel provides only the calculations set forth on spreadsheets.  (<u>Id.</u> Exs. E, F, H).

In the context of a default, allegations pertaining to damages are not deemed admitted.  <u>See</u> <u>Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.,</u> No. 13 Civ. 5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing <u>Finkel v. Romanowicz,</u> 577 F.3d 79, 84 n. 6 (2d Cir. 2009)), <u>adopted by</u>, 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014).  Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits <u>and</u> <u>other</u> <u>documentary</u> <u>materials</u> to enable the

district court to establish damages with reasonable certainty."  Id. (internal citations omitted) (emphasis added); see also Fed. R. Civ. P. 55(b)(2).  "[Courts] have interpreted this to mean that, even when the defendant defaults and is not present to object, damages must be based on admissible evidence."  Am. Jewish Comm. v. Berman, No. 15 Civ. 5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010)).  "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty."  RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l., No. 12 Civ. 1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), adopted by, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).

Applying this standard to Plaintiffs' submissions, the Court finds that those submissions do not provide a basis on which the Court can establish damages with a reasonable certainty. Neither the Complaint nor the spreadsheets provide the details necessary to calculate damages in a wage-and-hour case, such as start date, end date, schedule, and hourly wage.

Accordingly, it is hereby ORDERED that:

1. No later than **November 13, 2020**, Plaintiffs shall provide detailed affidavits for each Plaintiff attaching supporting documentation necessary to support Counsel's calculation of damages.

2. Plaintiffs shall serve Defendants with a copy of their supplemental submissions along with a copy of this Order.

Dated:      New York, New York                    SO ORDERED
            October 23, 2020

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

2