UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO SOLIS and ANDRES TAVERAS,
individually and on behalf of all others
similarly situated,

                      Plaintiffs,

      – against –

53RD STREET PARTNERS LLC, doing
business as REMI RESTAURANT, and
ROBERTO DELLEDONNE,

                      Defendants.

**ORDER**

19 Civ. 11708 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiffs filed this action against Defendants 53rd Street Partners LLC and Roberto Delledonne for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Cmplt. (Dkt. No. 1)) Plaintiffs worked at Remi Restaurant, a Manhattan "luxury restaurant" owned and operated by Defendants. (Id. ¶¶ 7-8, 11-12) Plaintiffs seek to recover unpaid minimum and overtime wages, liquidated damages, damages for failure to provide wage notices and statements – as well as a notice of closure – pre-judgment interest, and attorneys' fees and costs. (Id. ¶¶ 1, 43-69)

      On August 6, 2020, this Court entered an order of default against Defendants. (Dkt. No. 81) The matter was referred to Magistrate Judge Sarah L. Cave for an inquest into damages. (Id. at 2) Judge Cave has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages, attorneys' fees, and costs. (Dkt. No. 127)

## BACKGROUND

The Clerk of Court issued a certificate of default as to both Defendants on March 25, 2020. (Cert. of Default (Dkt. No. 61)) On April 2, 2020, this Court directed Defendants to show cause on May 28, 2020 why a default judgment should not be entered against them. (Dkt. No. 69) Due to this District's COVID-19 protocols, the hearing was adjourned to August 6, 2020. (Dkt. Nos. 75, 78) Defendants did not file any opposition to Plaintiffs' motion for a default judgment, and did not appear for the August 6, 2020 hearing. (Order of Default (Dkt. No. 81) at 1)

Following the August 6, 2020 hearing, this Court entered an order of default against both Defendants,[1] and referred this case to Judge Cave for an inquest on damages. (Order of Default (Dkt. No. 81) at 2)

On August 7, 2020, Judge Cave directed Plaintiffs to submit proposed findings of fact and conclusions of law, and supporting documents, by September 7, 2020. (Dkt. No. 82) On September 5, 2020, Plaintiffs filed an inquest memorandum (Dkt. No. 87) and supporting declarations (Dkt. Nos. 86, 86-1 - 86-4). On October 23, 2020, Judge Cave directed Plaintiffs to submit additional evidence concerning their calculations of damages and attorneys' fees. (Dkt. No. 89) Between December 4 and December 8, 2020, Plaintiffs filed supplemental declarations addressing their damages request. (Dkt. Nos. 92-124, 126)

On January 15, 2021, Judge Cave issued a report and recommendation ("R&R"), recommending that Plaintiffs be awarded damages as follows:

- $23,817.71 for Ruhul Amin Tipu;
- $39,699.89 for Walter Calle;

---

[1] Because Defendant Stefano Frittella was never served, this Court dismissed him from the action on August 6, 2020. (Dkt. No. 81)

2

- $17,067.50 for Carlos Colmena;
- $8,014.21 for Erick Cortes Zamora;
- $13,462.75 for Ricardo Cortes Zamora;
- $39,140.71 for Yullios Donge Meneses;
- $26,828.66 for Abraham Fonseca;
- $32.726.69 for Claudi Lodi Freddi;
- $17,784.32 for Oscar Fernando Gomez Alzate;
- $14,534.62 for Bairma Gyndunova;
- $45,324.30 for Mariana Iturbide Orozco;
- $8,727.30 for Filip Kozminski;
- $60,302.01 for Rachel Lovaglio Canal;
- $19,430.37 for Heriberto Martinez;
- $24,344.41 for Amelia Mejia Escobar;
- $33,037.12 for Manuel Molina;
- $27,849.04 for Xavier Ortiz;
- $43,031.36 for Carlos Perez;
- $40,018.86 for Luis Perez;
- $28,865.93 for Esdras Obed Paz Quesada;
- $14,471.17 for Armando Ramirez;
- $21,233.59 for Cesar Ruiz;
- $4,454.47 for Gabriel Ruiz;
- $42,325.73 for Andres Taveras;
- $92,145.60 for Dilio Urgiles;

- $17,009.93 for Marcelo Vargas;

- $31,438.67 for Julio Vega;

- $24,487.63 for Nubia Liliana Velandia; and

- $59,820.54 for Oscar Velandia.

(Id. at 40, 42) Judge Cave further recommends that this Court award Plaintiffs $60,331.25 in attorneys' fees and $1,102.14 in costs. (Id. at 39-40)

Plaintiffs served copies of the R&R on Defendants on January 19, 2021. (Dkt. No. 128) The R&R makes clear that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. at 41 (emphasis omitted)) No party has filed objections to the R&R.

On January 22, 2021, Cary Kane LLP moved to withdraw as counsel for Plaintiffs Karen Marin, Snizhana Romaniuk, Ameridon Ymeri, Gabriel Cabrera Platero, Paulino Carpintero, Nestor Cepedes, Jayanta Kumer Dey, Edwin Mauricio Fajardo Plasencia, Jose Figueroa, Julian Galindo, Adrian Gil, Ricardo Herrera, Wandy Richiez, Osvaldo Serrato, and Pablo Solis. (Dkt. Nos. 129-134) In a February 2, 2021 order, Judge Cave granted the motion, and directed those Plaintiffs who are the subject of the withdrawal motion to "notify the Court whether they would like to proceed pro se" by March 15, 2021. Judge Cave further warned those Plaintiffs that "failure to contact the Court may result in dismissal of their claims without prejudice." Judge Cave directed counsel from Cary Kane LLP to serve a copy of the order on the applicable Plaintiffs by February 15, 2021. (Dkt. No. 136) Counsel filed proof of service on February 10, 2021. (Dkt. No. 138) None of the Plaintiffs subject to Judge Cave's February 2, 2021 order has retained counsel or notified the Court of their intention to proceed pro se in this matter.

4

On June 17, 2021, Plaintiffs' counsel informed this Court that Defendant Delledonne declared Chapter 7 bankruptcy on June 9, 2021, and stated that Plaintiffs would "move the bankruptcy court for an order lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1)." (June 17, 2021 Pltfs. Ltr. (Dkt. No. 140))  On October 1, 2021, Plaintiffs' counsel reported that the bankruptcy court lifted the automatic stay on September 22, 2021. (Dkt. No. 141)

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

**DISCUSSION**

Here, the R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D). or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Gardephe.  **FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

(Id. at 41 (emphasis in original))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R.

Because no party has filed objections to Judge Cave's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Cave's forty-two-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.

Accordingly, Judge Cave's R&R will be adopted in its entirety.

Because Plaintiffs Karen Marin, Snizhana Romaniuk, Ameridon Ymeri, Gabriel Cabrera Platero, Paulino Carpintero, Nestor Cepedes, Jayanta Kumer Dey, Edwin Mauricio Fajardo Plasencia, Jose Figueroa, Julian Galindo, Adrian Gil, Ricardo Herrera, Wandy Richiez, Osvaldo Serrato, and Pablo Solis have not retained counsel or notified the Court of their intention to proceed pro se in this matter, their claims will dismissed without prejudice for failure to prosecute.

**CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and Plaintiffs Ruhul Amin Tipu, Walter Calle, Carlos Colmena, Erick Cortes Zamora, Ricard Cortes Zamora, Yullios Donge Meneses, Abraham Fonseca, Claudi Lodi Freddi, Oscar Fernando Gomez Alzate, Bairma Gyndunova, Mariana Iturbide Orozco, Filip Kozminski, Rachel Lovaglio Canal, Heriberto Martinez, Amelia Mejia Escobar, Manuel Molina, Xavier Ortiz, Carlos Perez, Luis Perez, Esdras Obed Quesada, Armando Ramirez, Cesar Ruiz, Gabriel Ruiz, Andres Taveras, Dilio Urgiles, Marcelo Vargas, Julio Vega, Nubia Liliana Velandia, and Oscar Velandia are awarded damages, attorneys' fees, and costs as set forth above and in the R&R. (Dkt. No. 127)

The claims of Plaintiffs Karen Marin, Snizhana Romaniuk, Ameridon Ymeri, Gabriel Cabrera Platero, Paulino Carpintero, Nestor Cepedes, Jayanta Kumer Dey, Edwin Mauricio Fajardo Plasencia, Jose Figueroa, Julian Galindo, Adrian Gil, Ricardo Herrera, Wandy Richiez, Osvaldo Serrato, and Pablo Solis are dismissed without prejudice for failure to prosecute.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
October 21, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge